## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Estate of
Doris S. Cozart,
deceased

August 10, 2001

Case No. 98-1046

BY JUDGE RANDALL G. JOHNSON

This matter is before the court on the fiduciary's exceptions to the report of the deputy commissioner of accounts. The fiduciary excepts to the deputy commissioner's disapproval of $5,000 which the fiduciary has listed on her accounting as her fee.

Doris S. Cozart died testate on August 9, 1998. Carol L. Cozart, her daughter, qualified as executor on October 14, 1998. Pursuant to Va. Code § 26-17.5, which requires a personal representative to file a first accounting within sixteen months of qualification, Carol Cozart's first accounting was due no later than February 14, 2000. On May 9, 2000, after no accounting had been filed and after the commissioner of accounts had written two letters to the executor asking for an accounting, the deputy commissioner issued a summons pursuant to Va. Code § 26-18 requiring the executor to file an accounting within thirty days. On June 23, 2000, after an accounting still had not been filed, a show cause order was issued by this court requiring the executor to appear in court on July 11, 2000, and show cause why the fines and/or other sanctions authorized by statute should not be imposed. On July 11, 2000, upon the executor's representation that she needed additional time, the matter was continued to August 21, 2000. On August 21, upon the executor's representation that she needed still more time, the matter was continued to September 25. On September 25, again at the request of the executor, the matter was continued to October 31. On October 31, after the deputy commissioner indicated that some progress was being made and that an accounting appeared to be forthcoming, the matter was continued generally.

On November 12, 2000, almost nine months after it was due, the accounting was filed.

Virginia Code § 26-19 provides, in pertinent part:

> If any such fiduciary wholly fail to lay before such commissioner a statement of all matters required in § 26-17.3 together with all other statements and items therein required for any year, within four months after its expiration . . . he shall have no compensation for his services during such year, nor commission on such money or other property unless allowed by the commissioner for good cause shown; the commissioner's action in such case shall be subject to review by the court on exceptions by any interested person.

The deputy commissioner found that no good cause existed to allow the executor any compensation for the period covered by the accounting. In her written exceptions, the executor argues that she is entitled to compensation because, although she did not file an accounting within the time set by statute, she is "untrained in and unfamiliar with her responsibilities as Executor [and] undertook substantial time and effort in attempts to perform in accordance with her duties." She also says that until January 2001, she was not represented by legal counsel. The court rejects both of the executor's arguments.

All fiduciaries who qualify in the clerk's office of this court are given detailed information about the duties and obligations of their office. They also receive information from the commissioners of accounts. The court also knows from its monthly hearings with Richmond's two commissioners of accounts and deputy commissioner of accounts that any fiduciary who makes a good faith effort to comply with his or her statutory duties is given every reasonable opportunity to complete an accounting before being issued a summons or being brought into court for a show cause hearing. There are many "shoebox" and "paper bag" accountings; that is, fiduciaries who, in the present executor's words, are "untrained and unfamiliar" in these matters, and who take their cancelled checks and receipts to the commissioners or deputy commissioner in boxes and bags and ask for help. The court has never heard a fiduciary say that help was not provided. The present executor never asked for help.

Based on the evidence before the court, the present executor did not fail to file a timely accounting because she was untrained or unfamiliar in these matters. She did not go to the deputy commissioner and say she needed help. She did not even hire legal counsel until over eight months after she was first

summoned by the deputy commissioner for her failure to file. She was in court on a show cause order four times, each time being reminded of her responsibility and the possible fines and other penalties for noncompliance, before she finally complied. The court does not feel that she should now be compensated for doing what she should have done long ago. Indeed, to do so would send a completely wrong message to fiduciaries and everyone who depends on them. No one is compelled to serve as an executor of a decedent's estate. Once in that capacity, however, an executor must perform his or her responsibility in a proper and timely manner. The present executor utterly failed to do that. She is not entitled to compensation.

The executor also excepts to the portion of the deputy commissioner's report that "implies that the Executor, in her individual capacity, may be liable to the Estate for rent for occupancy of real estate that passed through the Estate." That portion of the deputy commissioner's report, however, played no role in her findings. It is not ripe for a ruling by the court.